IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THADDEUS THEOPALIS CRUMITIE,　)
　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　)　1:12CV668
　　　　　v.　　　　　　　　　　　)　1:06CR271-1
　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　　　　)


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

　　　　Petitioner Thaddeus Theopolis Crumitie, a federal prisoner, brings a Motion [Doc. #16] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty in this Court to one count of armed robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner was determined to be a career offender under the United States Sentencing Guidelines ("USSG") and was sentenced to 204 months imprisonment for the robbery conviction and a consecutive 84 months imprisonment for the brandishing a firearm conviction. In Petitioner's present Motion, he raises a claim asserting that his sentence in this Court is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for one of the predicate North Carolina felonies supporting the career offender enhancement. He also contends that a predicate conviction from Florida for strong arm robbery should not count as a valid

predicate offense because he was released from his sentence for that offense more than five years prior to committing the instant offense. The Government filed a Response [Doc. #20] opposing relief.

Having considered Petitioner's contentions, the Court notes that Petitioner in this case is challenging his career offender sentence under the Sentencing Guidelines, but the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether such a challenge was cognizable on collateral review, and held that that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding, and Petitioner's Motion should be dismissed.[1]

Also pending is a Motion [Doc. #19] filed by the Government seeking an extension of time to file its Response. That Motion will be granted and the Response has been considered.

IT IS THEREFORE ORDERED that Respondent's Motion for an Extension of Time [Doc. #19] is GRANTED.

---

[1] The Government also contends that Petitioner's claim is barred by the applicable statute of limitations. It appears that this argument would also defeat Petitioner's § 2255 Motion challenging his career offender designation. See Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc). However, the Court need not address that issue in light of Foote's impact on Petitioner's claim. The Court also notes that the Government maintains that Petitioner is still a career offender in any event, based on Petitioner's North Carolina conviction for common law robbery, which was a Class G felony and with a criminal history category II involved a sentence of up to 18 months, and his Florida conviction for strong arm robbery, which was an adult conviction and involved a sentence of over 3 years imprisonment.

2

IT IS RECOMMENDED that Petitioner's Motion [Doc. #16] to vacate, set aside or correct sentence be denied, and that this action be dismissed.

This, the 3rd day of August, 2015.

                                                 /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge

3

Case 1:06-cr-00271-CCE   Document 22   Filed 08/03/15   Page 3 of 3