IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THADDEUS THEOPALIS CRUMITIE,  )
                              )
            Petitioner,       )
                              )   1:12CV668
       v.                     )   1:06CR271-1
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Thaddeus Theopolis Crumitie, a federal prisoner, previously brought a Motion [Doc. #16] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by an Order [Doc. #25] and Judgment [Doc. #26] entered on September 10, 2015. On September 25, 2015, Petitioner filed a Motion [Doc. #27] seeking an extension of time to file a motion for reconsideration under Federal Rule of Civil Procedure 59. On October 6, 2015, Petitioner filed his Motion [Doc. #30] under Rule 59 within the 28-day time period allowed under subsection (e) of that Rule. Therefore, his Motion for Reconsideration is timely, and the Motion seeking an extension of time is moot. The Court will address the Motion for Reconsideration on its merits. As set out below, the Court recommends that the Motion for Reconsideration be denied.

Petitioner was sentenced in this Court as a career offender under United States Sentencing Guideline §4B1.1. In Petitioner's Motion for Reconsideration, he seeks to challenge his sentence as a career offender using the recent case of <u>Johnson v. United States</u>, No. 13-7120, ___ U.S. ___, 135 S. Ct. 2551 (2015). However, his current Motion should be denied for at least two reasons. First, Petitioner already raised his argument under <u>Johnson</u> in Objections [Doc. #24] filed following the undersigned's entry of a Recommendation [Doc. #22] that Petitioner's § 2255 Motion be dismissed. Therefore, his argument was rejected with the entry of the Order and Judgment. Nothing has changed since that time. Second, Petitioner's argument is a further challenge to his status as a career offender under the United States Sentencing Guidelines. As explained in the prior Recommendation, this type of sentencing challenge is not the type of alleged sentencing error that can be corrected on collateral review. <u>United States v. Foote</u>, 784 F.3d 931, 943 (4th Cir. 2015), <u>cert. denied</u>, ___ U.S. ___, 135 S. Ct. 2850 (2015). Thus, Petitioner's career offender challenge is not cognizable in this collateral review proceeding, and Petitioner's Motion for Reconsideration should be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion for an Extension of Time [Doc. #27] is DENIED as moot.

IT IS RECOMMENDED that Petitioner's Motion for Reconsideration [Doc. #30] be denied.

This, the 5th day of January, 2016.

          /s/ Joi Elizabeth Peake
United States Magistrate Judge